# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2012

No. 11-60827
Summary Calendar

Lyle W. Cayce
Clerk

HUSSAIN HASSNAIN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 679 079

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hussain Hassnain petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's (IJ) order denying him asylum, withholding of removal, and Convention Against Torture (CAT) relief. Because the BIA relied upon the IJ's decision, both it and the BIA's order are reviewed for substantial evidence. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60827

Concerning asylum, there is no need to resolve whether the BIA erred in holding Hassnain failed to raise before the IJ, and thus waived, several of his contentions that either changed or extraordinary circumstances excused his failure to timely file his asylum application. The BIA's alternative, substantive holding that Hassnain failed to show such circumstances was based upon its assessment of the facts and circumstances of the case; therefore, we lack jurisdiction to review the dismissal of Hassnain's asylum claim. 8 U.S.C. § 1158(a)(2)(B), (D); *Zhu v. Gonzales,* 493 F.3d 588, 594-96 & n.31 (5th Cir. 2007).

Similarly, because he did not raise it before the BIA, we lack jurisdiction to consider Hassnain's withholding-of-removal claim based upon a "pattern or practice of persecution of a group of persons similarly situated" to him. 8 C.F.R. § 1208.16(b)(2)(i)-(ii); *Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007) (no jurisdiction to consider claims not exhausted before the BIA).

For Hassnain's claim that he will be singled out for persecution for his individual characteristics, *inter alia*, his extended residency in the United States, Ismaili religion, and status as an Aga Khan follower and scholarship recipient, he does not identify substantial evidence in the record compelling the conclusion that the BIA or IJ erred in holding he did not show he will more likely than not be persecuted on these bases if removed to Pakistan. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); 8 U.S.C. § 1231(b)(3)(A); 8 U.S.C. § 1208.16(b)(2). Similarly, Hassnain fails to identify substantial evidence in the record compelling the conclusion he was wrongly denied CAT relief. 8 C.F.R. § 208.16(c)(2).

DISMISSED in part; DENIED in part.